## STEVENS V. TRULL, RESPONDENT, *v.* ALEXANDER BARK-LEY AND OTHERS, APPELLANTS.

*Contract for excavation — modification of — Receipts — explanation of.*

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought to recover for services rendered in making certain excavations for the defendants. After the making of the contract under which the work was done, it having been discovered that the amount of the rock excavation had been underestimated, it was agreed "that the plaintiff should go on with the contract, and should have ninety-five cents per cubic yard for rock excavation, and be paid for other excavation at the prices named in the contract." This action was brought to recover for portions of the rock excavation which had not been paid for. The defendants claimed that they had paid in full, and introduced in evidence, monthly estimates of their engineer, and payments made in pursuance thereof, and plaintiff's receipts therefor, which they claim were final and conclusive. The referee allowed the plaintiff to prove that the estimates were made *ex parte*, and were erroneous; and that the

TRULL *v.* BARKLEY.                              645

receipts were not intended to be given or received in full settlement of all claims.

With reference to the admission of this testimony, the court at General Term said: "It is urged that the receipts of payments were given on recognized and acknowledged estimates, and were in full, hence are absolutely conclusive of the plaintiff's claim; but the receipts were open to explanation, on both of these points, by parol proof. Those receipts were not in the nature of contracts in any respect; and it is the settled rule of law that mere receipts may be explained, as to the consideration, when the explanation is not contradictory to, but consistent with, the instrument. (*Egleston* v. *Knickerbacker*, 6 Barb., 458; *Coon* v. *Knap*, 8 N. Y., 402, 405; *Bonesteel* v. *Flack*, 41 Barb., 435; *Buswell* v. *Poineer*, 37 N. Y., 312; *Boardman* v. *Gaillard*, 8 N. Y. S. C. R. [1 Hun], 217.) In the last case cited, the receipt was given 'to close account,' and purported to be 'in full of all demands,' but it was held that the party was not concluded by it. The court said that it was in no just sense a contract, and held it open to explanation. This case was affirmed in the Court of Appeals February 16, 1875, but not reported. The case of *Buswell* v. *Poineer* (*supra*) is to the same effect. (See, also, *Tobey* v. *Barber*, 5 Johns., 68.) It is quite manifest, from these decisions, that the evidence given explanatory of the receipts in this case was admissible for that purpose, and that the receipts were not absolutely conclusive against the plaintiff's claim.

It appears, therefore, that the case was one of fact for the referee, on a consideration by him of all the evidence submitted, and, according to well-settled rules, this court cannot interfere with his conclusions."

LEARNED, P. J., and BOCKES, J., concurred.

*P. S. Niver*, for the appellant. *Smith, Bancroft & Moak*, for the respondents.

Opinion by BOARDMAN, J.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment affirmed, with costs.